Syllabus.

Chicago and Eastern Illinois Railroad Company

*v.*

Dennis Geary.

*Filed at Ottawa June 13, 1884.*

1. Master and servant — *negligence of fellow-servant—respondeat superior—and herein, who are fellow-servants.* Where one servant is injured by the negligence of his fellow-servant, the duties of both being such as to bring them into habitual consociation, so that they might exercise an influence upon each other promotive of proper caution, and the master is guilty of no negligence in the employment of the servant causing the injury, the master will not be held liable for the injury.

2. Where it was to some extent the duty of a servant of a railway company, as night watcher, to note and report upon the conduct of the foreman of a night crew, whose duty it was to make up trains, etc., to his superior, and the night watcher could in no event perform his duty without constantly watching the engine and cars of the night crew while at or upon a crossing of a public street, it was *held*, that the night watcher and the foreman of the night crew were fellow-servants, within the legal meaning of that term, and that the common master was not liable to the night watcher for an injury received in consequence of the negligence of the foreman of the night crew in the discharge of his duties in switching cars on one of the tracks over the crossing.

3. Same—*when servant assumes risks by remaining in service.* Where an employe, after having an opportunity to become acquainted with the risks of his situation, accepts the same, he can not complain if subsequently injured by such exposure. A party may, if he chooses, contract to take the risks of a known danger. Presumptively, in such a case he charges in proportion to the risk, or rather for the risk.

4. Burden of proof—*in showing negligence.* In an action by an employe of a railway company to recover for a personal injury from being run over by a car while it was being switched, if the negligence of the company in the employment of the foreman or conductor engaged in moving the car, or in furnishing proper appliances, etc., is relied on, the burden of proving such negligence by a preponderance of evidence rests upon the plaintiff.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Sidney Smith, Judge, presiding.

Mr. William Armstrong, for the appellant:

The plaintiff in this case was a fellow-servant with those in charge of the switch crew, and can not recover of the master for an injury resulting to him through the negligence of a fellow-servant. *C. and T. R. R. Co.* v. *Simmons,* 11 Bradw. 147; *Chicago and Northwestern Ry. Co.* v. *Moranda,* 93 Ill. 302; *Valtez* v. *Ohio and Mississippi R. R. Co.* 85 id. 500; *Chicago and Alton R. R. Co.* v. *Murphy,* 53 id. 336.

The plaintiff and all the men in the yard at work with him were fellow-servants. *Chicago and Northwestern Ry. Co.* v. *Moranda,* 93 Ill. 302; *Valtez* v. *Ohio and Mississippi R. R. Co.* 85 id. 500; *Chicago and Alton R. R. Co.* v. *Murphy,* 53 id. 336; *Chicago and Alton R. R. Co.* v. *May, Admx.* 108 id. 288; *Chicago and Northwestern Ry. Co.* v. *Moranda,* id. 576.

A servant can not recover for an injury caused by the use of defective machinery in the business, after he has had knowledge of its defects. If he continues in the service after such knowledge, he will be deemed to have assumed the risk of such defects. *Camp Point Manf. Co.* v. *Ballou,* 71 Ill. 417; *Chicago and Alton R. R. Co.* v. *Munroe,* 85 id. 25; *Chicago and Northwestern Ry. Co.* v. *Donohue,* 75 id. 106; *Moss* v. *Johnson,* 22 id. 633; *Illinois Central R. R. Co.* v. *Cox,* 21 id. 20; *Midland R. R. Co.* v. *Barber,* 5 Ohio St. 541; *Wright* v. *New York Central R. R. Co.* 25 N. Y. 562; Shearman & Redfield on Negligence, sec. 94; *Chicago and Northwestern Ry. Co.* v. *Taylor et al.* 69 Ill. 461.

Messrs. Monroe & Leddy, for the appellee:

Appellee assumed no peril incident to the service, which the appellant, by the exercise of reasonable care, could have avoided. Wood on Master and Servant, sec. 359.

Appellant was bound to exercise reasonable care in reference to all the instrumentalities of its business, and is liable to appellee for running this train on this particular occasion

without a sufficient equipment of men, lights and signals. *Flike* v. *Boston and Albany R. R. Co.* 53 N. Y. 549; *Chicago and Northwestern Ry. Co.* v. *Taylor et al.* 69 Ill. 469.

The position of appellee not being necessarily hazardous, and the danger not patent, he had a right to presume appellant would discharge his duty. *Michigan Central R. R. Co.* v. *Dolan,* 32 Mich. 510; *Buzzell* v. *Laconia Manf. Co.* 48 Maine, 113.

The men employed on this switch train were the instrumentalities employed by appellant to operate it. If they were insufficient in numbers, for any reason, appellant is liable. *Chicago and Northwestern Ry. Co.* v. *Taylor et al.* 69 Ill. 461; *Flike* v. *Boston and Albany R. R. Co.* 53 N. Y. 549.

The evidence shows that, as matter of fact, appellee was not a fellow-servant with those operating the switch train. There was no such consociation as would make him a fellow with those operating the train. *Chicago and Northwestern Ry. Co.* v. *Moranda,* 93 Ill. 302; *Chicago and Northwestern Ry. Co.* v. *Taylor et al.* 69 id. 461.

Appellee had no power or opportunity to exercise any influence over the persons operating the train. This is the distinctive test. *Chicago and Northwestern Ry. Co.* v. *Moranda,* 93 Ill. 302.

Mr. Justice Scholfield delivered the opinion of the Court:

This was an action on the case, by Dennis Geary, against the Chicago and Eastern Illinois Railroad Company, for injuries alleged to have been sustained by the former in consequence of the negligence of the latter. Judgment was rendered in the circuit court in favor of Geary, and on appeal to the Appellate Court for the First District, it was affirmed. The railroad company is the appellant here, asking a reversal of the last named judgment because of certain errors claimed to have occurred in the rulings of the circuit court, and

repeated by those of the Appellate Court, which we shall hereafter consider.

The following statement of facts, which we have taken, in a slightly abridged form, from the brief of the appellant, presents all that we deem material in the evidence to a full and accurate comprehension of the case: Appellee entered the employ of appellant in September, 1881, as night watcher of tracks used by it at their crossing of Thirty-fifth street, in the city of Chicago, and continued therein until after he received the injuries to recover for which he brings this suit. At that point, prior to and during this employment, appellant used tracks lying west of the tracks of the Western Indiana Railroad Company, numbering from one, which was next to the tracks of the Western Indiana, consecutively, westward, until No. 18, which was the last. There was, during that time, also a night crew, consisting of an engineer, fireman, foreman of the crew, (called conductor,) and a helper or assistant of the foreman or conductor. They had charge of an engine, and operated at and below Thirty-fifth street, commencing about six or seven o'clock in the evening, and working all night, and until six or seven o'clock next morning. Their duties were, in coöperation with another like crew working northwardly, to switch cars up and down these tracks in making up trains going south, and in taking apart trains coming from the south. There was likewise, during that time, a freight train running from appellant's yards, over these tracks, south, to Danville, known as "No. 25," the departing time of which was 10:20 P. M. This train was made up by the night crew operating there, on track No. 1, commencing at six or seven o'clock P. M., and continuing until the train was made up, which was never much sooner than its departing time, and sometimes it was a little later. If, while this train was being made up, a train came in from the south, it crossed Thirty-fifth street on track No. 2. Appellee occupied a flag-house to the east of track No. 1. His duties

were to watch these eighteen tracks from six o'clock in the evening until six o'clock in the morning, see that the street was not obstructed, and warn any one desiring to cross, of the approach of engines or trains of cars on these tracks. When the street would get blocked, he was required to report to the foreman or conductor of this night crew, and it was the duty of the foreman or conductor then to at once remove the cars from the street. If this was not done, it was the duty of appellee to report the fact to the yard-master, who was the immediate superior of this foreman or conductor. The engine of this night crew, with or without cars attached, was passing and repassing every few minutes throughout the night. On the evening of March 6, 1882, a freight train came from the south, and crossed Thirty-fifth street on track No. 2. When it was crossing the street, appellee came out of his flag-house with a lantern in his hand, walked over to track No. 1, where he stopped, and commenced conversing with a brakeman who had just got off the train coming from the south on track No. 2. At that time the night crew making up the train for No. 25, were backing north, slowly, a few empty coal cars, and the car at the rear—the extreme north end of the train—struck appellee, knocking him down, and the wheels ran over and crushed his elbow. There was no light on the rear end of the train, and no one there to warn persons of its approach. The foreman or conductor was, at the time, off the cars, taking the numbers of cars.

The case made by the evidence is clearly one wherein one servant is injured by the negligence of his fellow-servant, within the legal meaning of that term. The evidence all shows,—and there is no evidence tending to show differently,—that the usual duties of appellee and the foreman or conductor of the night crew, "brought them," in the language of the rule laid down in *Chicago and Northwestern Ry. Co.* v. *Moranda*, 93 Ill. 302, "into habitual consociation, so that they might exercise an influence upon each other promotive

of proper caution." Indeed, as we have seen, the evidence goes beyond this, and shows that, to some extent, appellee's duty was expressly to note and report upon the conduct of the foreman or conductor of the night crew, to his superior; and in no event could appellee perform his duty without constantly watching the engine and cars of the night crew, while .at or upon this crossing of Thirty-fifth street. There is no proof that appellant was guilty of negligence in the employment of this foreman or conductor of the night crew, or of any of those who composed that crew, nor is there any proof that appellant was guilty of negligence in furnishing appliances, machinery, etc., and if negligence in either of these respects was relied upon by appellee, the burden was upon him to prove it by a preponderance of evidence. *Columbus, Chicago and Indiana Central Ry. Co.* v. *Troesch*, 68 Ill. 545.

Appellee, however,—tacitly, at least, conceding this position,—contends that appellant was guilty of negligence in not furnishing an additional helper or assistant to the foreman or conductor of the night crew, so that he could have placed a man on the rear end of the train while it was being backed and he was off taking the numbers of cars, to warn persons of its approach. To this, appellant replies that this crew was, at the time appellee received his injury, precisely the same, in all respects, that it had been during the entire time that appellee had been in the employ of appellant. No reduction had been made in its numbers, and no addition had been made to its duties; that he knew, all the time, the character of the duties discharged by the crew, the number, efficiency and fidelity of those composing it, and voluntarily continued in his position, taking the risk of the danger incident to it, and that the negligent act of the conductor or foreman of the crew in leaving the cars while being backed, without a man on the rear end, was no more to be anticipated by appellant than it was by appellee,—it was simply the negligence of a fellow-servant. The rule is, as contended by

counsel for appellant, namely, when an employe, after having the opportunity to become acquainted with the risks of his situation, accepts them, he can not complain if he is subsequently injured by such exposure. One may, if he chooses, contract to take the risks of a known danger. Presumptively, he charges, in such cases, in proportion to the risk, or rather for the risk. *Camp Point Manf. Co.* v. *Ballou*, 71 Ill. 417; *St. Louis and Southeastern Ry. Co.* v. *Britz*, 72 id. 257; *Chicago and Alton R. R. Co.* v. *Munroe*, 85 id. 25; *Pennsylvania Co.* v. *Lynch*, 90 id. 333; Wharton's Law of Negligence, sec. 214.

The case of *Flike* v. *B. and A. R. R. Co.* 53 N. Y. 551, cited and relied upon by counsel for appellee, did not present this point. In that case the point was not made, nor, as we understand the report of the case, would it have had any foundation in the evidence, that the trains had previously, for a series of months, with the knowledge of the plaintiff, been sent out with the same inadequate force with which they were sent out on the day he was injured,—and this is essential to make the cases analogous, even if it be conceded the relation of fellow-servants there existed, within the rule of the *Moranda case, supra,* which may be questionable.

The court below was requested to instruct the jury, on the point we have been considering, substantially in accordance with the view we have here expressed, but declined to do so. Under the evidence, the issue was properly before the jury, and the court erred in not so instructing.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*