Reversed and remanded.

# CHICAGO, MILWAUKEE & ST. PAUL RAILWAY CO.
## v.
## ALBERT STANDART.

1. RISKS OF EMPLOYMENT—DEFECT IN MACHINERY.—An employe can not recover for an injury suffered in the course of the business about which he is employed, from defective machinery used therein, where he had full knowledge of the defect and continued in the employ without objection and was not induced by his employer to believe a change would be made.

2. DUTY OF RAILROAD — CONDITION OF ENGINES AND ROAD.—An instruction to the effect that a railroad company is bound to do all that human care, vigilance and foresight could reasonably do consistent with the modes of conveyance and the practical operation of its road, to keep its road and engines in a safe and good condition. *Held*, that such instruction imposes too strict a rule of diligence.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed February 10, 1885.

Messrs. WALKER & CARTER, for appellant; cited Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; St. L. & S. E. Ry. Co. v. Britz, 72 Ill. 257; C. & A. Ry. Co. v. Munroe, 85 Ill. 25; Penn. Co. v. Lynch, 90 Ill. 333; Wharton's Law on Negligence, § 214; Ill. Cent. R. R. Co. v. Jones, 11 Bradwell, 324.

As to duty of railroad company: T. W. & W. Ry. Co. v. Asbury, 84 Ill. 429; C. & N. W. Ry. Co. v. Scheuring, 4 Bradwell, 533; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; North Chicago R. M. Co. v. Monka, 4 Bradwell, 664; Price v. Henagan, 5 Bradwell, 234; Penn. Co. v. Lynch, 90 Ill. 333.

Mr. A. D. CARTER, for appellee; as to duty of railroad company, cited T. P. & W. R. R. Co. v. Conroy, 68 Ill. 567; C. & A. R. R. Co. v. Platt, 89 Ill. 143; Lewis v. W. L. & J. M. R. R. Co., 59 Mo. 495; Snow v. Housatonic R. R. Co., 8 Allen, 441; Holmes v. Clarke, 6 Hurl. & N. 349; 2 Thompson on Negligence, 985.

BAILEY, J.   This was an action on the case brought by Albert Standart against the Chicago, Milwaukee & St. Paul Railway Company to recover damages for a personal injury received by the plaintiff, while in the employ of the defendant as a fireman on a switch engine, in the defendant's yards in Chicago.   It appears that some three or four minutes prior to the injury another engine had so collided with a freight car standing on a contiguous track, as to partially overturn it and throw one corner of it over onto the track on which the plaintiff was about to pass with the switch engine.   The obstruction thus placed upon the track was not perceived by the plaintiff until the instant the engine collided with it, and then, to save himself from injury, he sprang from the engine to the tender and thence to the ground, and in so doing severely sprained one of his ankles.

The declaration consists of two counts, of which the first charges the defendant with negligence in failing to keep said track free from obstruction.   The second count charges negligence in failing to have the engine on which the plaintiff was employed properly connected with its tender by an apron or

covering extending over the space between them; and also in not providing a sufficient force of competent men to run and operate its trains in a safe and proper manner, and to keep its switches and tracks in a proper and safe condition.

The plaintiff, at the time, had been employed on said engine about one week, and during all that time the apron which usually covers the space of six or eight inches between the engine and tender had been wanting. At the trial, the court, at the instance of the plaintiff, gave to the jury the following instruction:

" The jury are instructed as matter of law, that the defendant was bound to do all that human care, vigilance and foresight could reasonably do, consistent with the modes of conveyance, and the practical operation of its road, to have and to keep its road and locomotive engines and attachments in a safe and good condition, and if the jury believe, from the evidence, that the plaintiff was injured by the neglect of the defendant, in the manner charged in the declaration, in respect to either of these things, while he was using ordinary care for his own safety, and due care and diligence in the discharge of his duties, then they shall find for the plaintiff."

The jury, by their verdict, found the defendant guilty, and assessed the plaintiff's damages at §500, for which sum and costs the court gave judgment for the plaintiff.

The foregoing instruction directed a verdict for the plaintiff, in case the jury found that he was injured by the negligence of the defendant, in respect to either of the matters charged in the declaration, provided they also found that he was in the exercise of ordinary care. The defect in the engine, which the evidence tends to show contributed to the injury, was a matter which was obvious, and which the plaintiff must be presumed to have known during all the time he was at work on the engine. Not only is this so, but he admits that he observed it and spoke to his engineer about it the day he commenced working. Having entered upon and continued in the defendant's service, with full knowledge of the defect in the engine, he must be deemed to have assumed all risk of injury therefrom.

" The doctrine upon this subject seems to be that an employe can not recover for an injury suffered in the course of the business about which he is employed, from defective machinery used therein, after he had knowledge of the defect, and continued his work, it being held, that upon becoming aware of the defective condition of such machinery, he should desist from his employment; but if he does not do so, and chooses to continue on, he is deemed to have assumed the risk of such defects, at least when he had not been induced by his employer to believe that a change would be made, and had not plainly objected." Camp Point Manfg. Co. v. Ballou, 71 Ill. 417. The foregoing doctrine has been repeatedly re affirmed in this State. See C. & E. I. R. R. Co. v. Geary, 110 Ill. 383, and cases there cited.

It follows that, even though there may have been negligence contributing to the plaintiff's injury, in permitting the engine to remain out of repair, such negligence can not be the basis of a recovery, since the plaintiff elected to continue to work on the engine without objection, after full knowledge of the defect. This rule, however, was wholly ignored in the instruction.

We are also of the opinion that the instruction is erroneous in another respect. It lays down the rule that the defendant was bound to do all that human care, vigilance and foresight could reasonably do, consistent with the modes of conveyance and the practical operation of its road, to keep its road and engines in a safe and good condition. This, we think, is imposing upon the railroad company much too strict a rule of diligence. We are aware that there are decisions of the Supreme Court, in which language is used very much like that employed in the instruction, in defining the degree of care which an employer is bound to use in providing safe and suitable machinery and appliances for the use of his employes, but we think that it is not in accordance with the current of authority either in this or other States. In Pennsylvania Co. v. Lynch, 90 Ill. 333, it is said: " The mere relation of master and servant can never imply an obligation on the part of the master to take more care of a servant than he may rea-

sonably be expected to take of himself." Nearly the same language is employed in Missouri Furnace Co. v. Abend, 107 Id. 44.

The true rule is, that both are held to the exercise of reasonable and ordinary care. In Camp Point Manf'g Co. v. Ballou, *supra*, the rule is laid down in the following language: "As respects his duty toward an employe, in his service, the employer is not bound to provide absolutely safe machinery. The law imposes upon the employer only the obligation to use reasonable and ordinary care and diligence in providing suitable and safe machinery. The machinery is not required to be the best or most improved kind, or to be absolutely safe. It is sufficient if it is reasonably safe."

While it is somewhat difficult to determine upon the basis of any known classification, the precise degree of care intended to be specified in the instruction, it is clear that a jury would be likely to understand it as requiring a degree much higher than what is ordinarily understood by reasonable or ordinary care. It was thus calculated to mislead the jury, and should not have been given.

For the error in giving the instruction the judgment will be reversed and the cause remanded.

Judgment reversed.