GOSS & PHILLIPS MANUFACTURING COMPANY

V.

WILLIAM SUELAU, BY HIS NEXT FRIEND, ETC.

*Master and Servant—Negligence of Master—Personal Injury—Vice Principal—Contributory Negligence—Evidence.*

In an action brought to recover from an employer for injury alleged to have been suffered by an employe through its negligence, this court holds in the absence of evidence going to show that the person injured was commanded to take the position in which he was, when hurt, that the verdict in his behalf can not stand.

[Opinion filed December 2, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding.

Messrs. BOYESEN & LAWRENCE, for appellant.

Messrs. GOLDZIER & RODGERS and JOHN McGAFFEY, for appellee.

GARY, P. J.    It is not wonderful that jurors should per-

mit their pity for misfortune to overcome their obligation to
follow the evidence, when a court finds itself so reluctant to take
from this unlucky boy the benefit of a verdict he has obtained.

There is an impulsive and not unnatural feeling that for
injuries inflicted by powerful and dangerous machinery upon
humble employes, even through their own want of forethought
and caution, the proprietors, though without fault, should
make some contribution. But if this is a duty it is of that
class of moral duties, of imperfect obligation, of which the
law can not take notice, and the performance of which can
not be enforced.

The appellee was at work sawing wedges at a circular saw.
His place, and a safe one, was at the front of the table in
which the saw ran. The waste from the saw accumulated
in a box on the side of the table, to the left hand of the opera-
tor. By a change in the apparatus a skilled workman could
saw wedges faster when himself standing in the box. The
boy being in fact in the box, stumbled upon the waste pieces
there, and fell in such a manner that his leg came into
contact with the saw under the table, and he has lost all
beneficial use of his leg for life. His own testimony is
that the foreman of the appellant told him to stand in the
box while at work. The only corroboration of his testi-
mony is that of another boy, that he saw the appellee in
the box at work, and that the foreman was about the room at
his own work, or going out and in. There is no reasonable
foundation in the evidence for any supposition that the appa-
ratus had been arranged for the operator to work from the box.
The jury have specially found that the appellee was on some
occasion warned by another workman that in the box was not
a safe or proper place to stand; that the appellee had worked
at the same saw before; that on a former occasion the fore-
man had told him to stand in front, and not in the box.

The foreman denied that he told the appellee to go into, or
ever saw him at work in the box; another witness for the
appellants testified that the appellee told him, that nobody
told him to go into the box, and on a former trial the appellee
testified that " when they emptied my barrel, I went into the

box and slipped and fell right under the saw." That as the wedges were sawed they were put into the barrel, appears from other testimony.

The only ground for a recovery is that the foreman ordered the appellee into the box, and this is so thoroughly disproved that the verdict can not stand.

A new trial should have been awarded, and the judgment is reversed and the case remanded.

*Reversed and remanded.*