# CHICAGO & AURORA SMELTING & REFINING COMPANY
## v.
## DANIEL COLLINS.

*Master and Servant—Duty of Employer to Keep Premises in Safe Condition, Extent of—Personal Injuries—Stranger.*

The owner of a manufacturing plant is under no obligation to make all parts of the premises safe for a stranger to them to ramble through in the night, even if such person was at work for the owner in a part of the premises where there was no danger.

[Opinion filed January 14, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Messrs. Walker & Eddy, for appellant.

Mr. Edward Maher, for appellee.

Gary, J.   The first dozen lines of the opinion in Goss & Phillips Mfg. Co. v. Suelau, 35 Ill. App. 103, are applicable to this case.

The appellant is a corporation having two separate plants in one group of buildings, for smelting and refining lead. Each plant consisted of three kettles—one about seven feet in diameter, the top of which is about two feet above the floor; another something smaller and lower; and a third much smaller and on a level with the floor.   The appellee was employed by the corporation, working nights, but his labor did not call him to the immediate vicinity of the kettles, though on the night before his injury he was engaged in wheeling bullion past one of the plants, within forty feet, more or less, of the kettles, and saw men with torches working around the kettles.   On the fourth night of his employment he was set at work in a lead pit, from which access to that plant could be had by going up some steps and stepping over a trench or bin for holding coal to the floor where the kettles were.   He had left his lunch at some other part of the premises, and in the night, wanting it, and having seen others go up those steps, he took that, to him, unknown route to the place where he had left it.   In so doing he walked into the molten lead in the smallest kettle of the plant, sustaining very severe and probably permanent injury, and suffering prolonged and excruciating pain.   For that injury he sues, grounding his action on a supposed neglect of duty of the appellant to keep premises reasonably safe, or warn employes of the danger. Whether the declaration shows sufficiently the facts from which any such duty toward the appellant arose, is not a question on this record, no motion in arrest nor assignment of error raising it.   Many cases on this subject are collected in 2

Thompson on Neg. 1244. But the question whether, upon the facts in evidence, there was such a duty, is before us. The appellee was not sent by the appellant to the place where the kettles were, nor put at any work that would take him near them. The most that can be said is, that, being employed in the works, he had an implied license to go, and was not a trespasser in going where his duty did not call him, taking an unknown route on an errand of his own. To such facts the principle and authorities upon which Gibson, Parish & Co. v. Sziepienski, 37 Ill. App. 601, was decided, apply. The appellant was under no duty to make all parts of its premises safe for a stranger to them to ramble through in the night, even if he was at work for it in a part where there was no danger.

It is assigned for error that the court refused to instruct the jury to find for the defendant, and also that a new trial was denied.

Both assignments are sustained, the judgment reversed and the cause remanded.

*Reversed and remanded.*