### Chicago and W. I. R. R. Co. v. Massig.

1. NEGLIGENCE—*Knowledge of Surroundings.*—A person thirty years of age, in the employ of a railroad company, was injured, as was claimed, by reason of the condition of some planking upon the track. He had worked in the place where he was injured for two years, during which time the planking had been in the same condition. *It was held* that his knowledge of the condition of the planking prevented his recovery.

2. FELLOW-SERVANTS—*Who are.*—A "hostler" and a "helper" in the employ of a railroad company at a round-house, their duty being to take care of locomotives, are fellow-servants.

**Memorandum.**—Action for personal injuries. In the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, OSBORN & LYNDE, ATTORNEYS.

That Massig and Elling were fellow-servants in the same line of employment, and had been throughout the whole course of Massig's employment habitually associated together in their work, Massig being "helper" to Elling in the movement of the engines at the round-house, and were co-operating together in the particular work in hand at the time of the accident, is too clear from both the averments of the declaration and the evidence to require any argument. Their habitual relations in their general work, and their particular relations in the particular work in hand at the time of the accident, were such that Massig could not recover from the defendant for any injury he should sustain by reason of Elling's negligence in the management of his engine; and if it should be held that the accident was caused by negligence on Elling's part in running the engine upon Massig, then we submit, that in the management of the engine Elling was, within the rule so often stated by the courts of this State, a fellow-servant in the same line of employment with Massig, and that the defendant can not be held liable for such negligence. C. & N. W. R. R. Co. v. Moranda, 93 Ill. 302; C. & E. Ill. R. R. Co. v. Geary, 110 Ill. 383; Rolling Mill Co. v. Johnson, 114 Ill. 57, 64; Stafford v. C., B. & Q. R. R. Co., 114 Ill. 244.

S. P. DOUTHART, attorney for appellee.

OPINION OF THE COURT, GARY, J.

The only argument by which this judgment could be excused is in the concluding paragraph of the brief of the appellee: "It may cause a little irritation to this wealthy corporation to pay it, yet, upon the other hand, it will enable the poor crippled man to exist." That is an argument of which we have felt the force heretofore. Goss v. Suelau, 35 Ill. App. 103.

One Elling was "hostler" for the appellant at a round-house, his duty being to care for locomotives at the round-house, and run them in and out of it, and the appellee was

his "helper." Elling ran a locomotive upon the foot of the appellee while he stood with it upon or inside one rail. The planking between the rails, it is alleged, was too high. The back of appellee was turned toward the locomotive. Whether the condition of the planking contributed to the injury to the appellee, is probably wholly conjectural; but be that as it may, he had worked there two years, wanting a month, and thinks it was in the same condition all the time. He was no boy, but a man upward of thirty years of age. His knowledge of the condition of the planking prevents any complaint by him on that score. U. S. Rolling Stock v. Chadwick, 35 Ill. App. 474.

The appellee and Elling were fellow-servants. Abend v. Terre Haute, etc., R. R., 111 Ill. 202; Chicago & E. I. R. R. v. Geary, 110 Ill. 383.

And the appellee was not injured in consequence of any improper exercise of the authority which Elling had, so as to bring the appellee within the doctrine of the May case. Chicago & Alton R. R. v. May, 108 Ill. 288.

If Davis v. New York, N. H. & H. R. R., 34 N. E. Rep. 1070, be at all applicable to, or parallel with this case, it is no authority here, being decided under a Massachusetts statute.

It is not material to inquire whether Elling was in any particular negligent, though, if it were possible to conceive that Elling had been injured by the appellee being in the way of the locomotive, it would seem that he would have had more ground to complain of the conduct of the appellee, than the appellee has now to complain of the conduct of Elling.

The judgment is reversed and the cause remanded.