LULU BATTLE *vs.* MARGARET J. ROBINSON.

JUNE 14, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)   *Negligence.   Master and Servant.   Unsafe Premises.*

Plaintiff, a domestic servant, in returning to the premises, about midnight, passed through an unfastened gate leading to a passageway which she had seen other servants use in entering the premises, but which she had never used before, of the danger of which she had not been warned, which she

supposed was safe and which was a more convenient way for her to use, fell into a depression and was injured:

*Held,* that it was negligence on the part of the defendant to leave the gate unfastened at night, without a light or giving warning of the danger, and that plaintiff was not guilty of contributory negligence.

PARKHURST, J. On exceptions to the Superior Court for Newport county, taken to the granting of a nonsuit by the presiding justice.

The plaintiff, who was employed by the defendant as a domestic servant, in returning to the premises, about midnight, passed through an unfastened gate leading to a passageway running between the defendant's house and the fence bounding the estate on the west, and immediately fell into a depression about four feet deep, with steps on both sides, which furnished an entrance to the basement of the house. The depression extended from the building nearly to the fence, and lay directly in the path of a person entering the gate. By this fall the plaintiff was badly injured and disabled.

The evidence shows, further, that the plaintiff had seen other servants use this passage in entering and leaving the premises. Another passage to the rear of the premises led from a side street, and had been used by the plaintiff on other occasions. She had never used the passage in which the accident occurred, and had received no warning that the depression was there. So far as she knew, this passage was as safe as the other, and it was a shorter and more convenient way for her to get to her room than was the other way, which involved a walk around three sides of a rectangle of which the way she took was the fourth side.

(1) We think that, in these circumstances, it was negligence on the part of the defendant to leave the gate unfastened at night without at least placing a light there or giving warning of the danger to the plaintiff. And we do not think that the plaintiff was guilty of contributory negligence in using a way which was more convenient than the other and to all appearance safe.

The cases relied upon by the defendant's counsel are not parallel to this case and do not apply.

Thus *McCann* v. *Atlantic Mills,* 20 R. I. 566, relates to injuries suffered by the plaintiff in falling into a reservoir, in the mill yard, located at a considerable distance from any way or path which the plaintiff might reasonably be expected to use in and about his employment. In this case the hole was in what appeared to the plaintiff to be an open passageway, which she had seen used for ingress and egress to and from her quarters by other servants, having gates which were left unlocked or partly open, and yet so screened by the fences that she could not see the hole into which she fell.

The case of *Chicago &c. Co.* v. *Collins,* 43 Ill. App. 478, is decided on the same principles as *McCann* v. *Atlantic Mills, supra,* with the additional consideration that the plaintiff in that case appears to have had some notice of the dangerous character and of the location of the place where he was hurt.

In *Pritchard* v. *Lang,* 5 Times Law Reports, 639, it appears that the dangerous place was generally lighted, but that the fellow-workmen sometimes took away the lights; and that at the time of the accident the lights were not there; it did not appear that the employer had omitted to do anything which he should have done for the protection of his employees, and it seems that the negligence, if any, was that of fellow-servants. The case is very meagerly reported, there being a very brief oral opinion, but clearly is not authority in the case at bar.

We think the court erred in granting the nonsuit, and the case is remitted to the Superior Court for the county of Newport for a new trial.