Joseph Lengyel, Appellee, v. Western Steel Car & Foundry Company, Appellant.

Gen. No. 14,914.

1. MASTER AND SERVANT—*when doctrine of assumed risk applies.* If the danger which resulted in the injury was incident to the business and employment of the servant and if such danger was equally open to the observation of both master and servant, the master is not liable.

2. MASTER AND SERVANT—*when not duty to warn inexperienced*

*servant.* It is not negligence on the part of a master to fail to warn an inexperienced employe of increased dangers which are obvious and incident to the service.

3.  Master and servant—*who fellow-servants as a matter of law.* Two laborers, even though one might be regarded as a foreman, *held,* under the evidence, to be fellow-servants, as a matter of law, where they were constantly working together in the same character of work and where their association in such work was habitual.

Baker, J., dissenting.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. Marcus Kavanagh, Judge, presiding. Heard in this court at the October term, 1908. Reversed. Opinion filed February 10, 1910. Rehearing denied February 24, 1910.

**Statement by the Court.** The action here is case for personal injuries. The relation of master and servant existed between the parties at the time of the occurrences for which compensation is sought. The recovery was to the limit of the *ad damnum,* $1,999, and defendant prosecutes this appeal in an effort to reverse the judgment of the trial court.

At the time plaintiff suffered the injuries, redress for which he seeks in this suit, he was a laborer in the employ of defendant at its yards in Hegewisch. Plaintiff had been in the employ of defendant for some time previous to the accident, and had done other work than that in which he was engaged when he was injured. At this time he was one of a crew in charge of a locomotive crane, the other members being Socco, his father-in-law, who had procured him to be put into that crew, Callahan, the engineer, Steffen, the crew foreman, and Crehan, the general foreman. On the day of the accident, December 23, 1905, and at the time it happened, this crew was engaged in coupling the crane car to a gondola car standing on the same track. The coupling was made by inserting a draw-bar attached to the end of the crane car into the draw-head of the gondola car. The boom on the crane was parallel with the car at the time, and the boiler extended out over the end of the car, making it somewhat difficult to insert the draw-bar into the draw-head to

make the coupling effective. Socco directed plaintiff to go between the cars and make the coupling. While plaintiff was under the boiler attempting to make the coupling by raising the draw-bar high enough to insert it in the draw-head, which was about six inches above the level of the crane car, Socco, who could see the whole situation, ordered Callahan, the engineer on the crane, to go ahead, and the crane car, in response to such order, was moved ahead. Before plaintiff was able to raise the draw-bar a sufficient height to insert the draw-head and make the coupling, the cars came together and injured plaintiff's head. To make the coupling it was necessary for plaintiff to stoop down to avoid the overhanging boiler. At the time of the accident plaintiff was doing work within the line of his employment and knew all of the conditions which environed him. Plaintiff contends that Socco was his foreman and that he worked under his direction and in obedience to his orders, but admits that Socco was foreman over no one else. It is also true that directions were given by Socco to plaintiff, but the reason appears to be that Socco was better versed in the English language than plaintiff, who had very little knowledge of it. Both, however, testified through an interpreter.

Errors are assigned on the rulings of the court upon the evidence and in giving certain instructions upon the law to the jury and in refusing to give others proffered by defendant; and it is argued that plaintiff and Socco were fellow-servants, and that the risk was one assumed by plaintiff as incident to his duties.

FRANK M. COX and R. J. FELLINGHAM, for appellant.

JOHN C. KING and JAMES D. POWER, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

476    APPELLATE COURTS OF ILLINOIS.

Lengyel v. Western Steel Car & Foundry Co., 152 Ill. App. 473.

The declaration is drafted upon the theory that Socco as vice-principal negligently gave an order which resulted in plaintiff's injuries; that plaintiff was in the exercise of due care and was not informed of the hazards he encountered, which Socco knew or ought to have known in the exercise of due care.

When plaintiff was injured he was engaged about his usual duties within the terms of his employment. He had coupled cars for months previously, although not the crane car in question. But as one of the crane crew he was always liable to be called upon to perform that duty. The dangers which he encountered were, in the exercise of due and proper care, open and obvious to him. There was nothing intricate or complicated about the appliances which he handled. The boom of the crane and its position and the overhanging of the boiler were in plain sight. That the draw-bar needed to be elevated about six inches above the level of the crane car for insertion into the draw-head of the gondola car, was assumedly known to plaintiff; that he must stoop down to do so to avoid the overhanging boiler, was equally plain. The proximity of the water tank to the track was likewise apparent. In the position which plaintiff was in, his being injured was unavoidable if for any reason he failed to make the coupling when the cars came together and did not keep his head below the point of contact. Such peril was necessarily encountered and was obvious to all engaged in such work. Knowledge of such danger is imputable to him from the nature of his employment and the experience which he undeniably had in and about the crane car and in the discharge of kindred duties during the time of his service with defendant. The danger was incident to the business and employment of plaintiff, and defendant is not liable if the danger was open alike to the observation of both. Christiansen v. Graver, 223 Ill. 142; I. B. & W. R. R. Co. v. Flanigan, 77 *ibid.* 365. In this case there is no claim that either of the cars or any adjunct used in their operation were defective or

Lengyel v. Western Steel Car & Foundry Co.; 152 Ill. App. 473.

out of repair. Nor is it contended that the accident and resulting injury are attributable thereto. Plaintiff was injured while engaged in coupling cars. He had coupled cars many times before as an incident of his employment—if not the cars in question, admittedly other cars of defendant. Notwithstanding the crane car may have, in some of its parts, been different from others theretofore coupled by plaintiff, there was nothing that was different which was concealed. The difference was not only plainly visible, but was known to plaintiff. No duty rested on defendant in these circumstances to warn plaintiff of dangers so obvious; for as said in Whitcomb v. Standard Oil Co., 55 N. E. Rep. 440, "It is not negligence on the part of a railroad company to fail to warn an inexperienced employe of the greater danger incident to coupling cars that are supplied with dead-woods or buffers than cars having an ordinary device. Such increased dangers are obvious and incident to the service."

Primarily it is the province of the jury to decide as a question of fact, whether the relation of fellow-servant existed, and such is the course of procedure under many decisions of our Supreme Court. Still there are cases where, under the undisputed evidence in the record, the question of whether the relation of fellow-servant existed becomes one of law for the court. Such is the case at bar, regardless of the fact whether plaintiff, in what he did, was acting under the order or direction of Socco. Even conceding that the order given by Socco to plaintiff to go between the cars and couple them together was given by him as foreman, and that on that occasion Socco also gave the order to the engineer to move the car, and that the doctrine of assumed risk has no application, still, as a matter of law, Socco and plaintiff were fellow-servants. Crane v. Hogan, 228 Ill. 338, was a case very similar to the facts relating to the question of fellow-servant to the case at bar. In that case the court reversed the judg-

ment of this court affirming a judgment in Hogan's favor—131 Ill. App. 314—because the trial court refused to instruct a verdict for Crane. In that case, as in this, the plaintiff was a laborer, being, at the time of the injury, engaged in work that he was accustomed to do. He had been unloading cars, incidental to which he was attempting to remove an iron plate from one of the unloaded cars which had been used to facilitate the shoveling of sand from the ends of the car. While so removing the plate and in the act of handing it out of the car to another laborer, the foreman called out, "All right, Bill," the switchman threw the switch and the switch engine backed in, bumped the car, causing the plate to come in contact with the car door, catching Hogan's finger and severing it. Commenting on these facts the court say: "The evidence also established the relation of fellow servant between the men who were handling the switch engine and the plaintiff. The duties of the plaintiff and the other laborers with him, and the switchman and engineer, were such as to bring them into habitual association so that they might exercise a mutual influence upon each other promotive of proper care and caution, and they were therefore fellow servants. Chicago & Eastern Illinois Railroad Company v. Geary, 110 Ill. 383; Abend v. Terre Haute & Indianapolis Railroad Co., 111 *id.* 202; World's Columbian Exposition v. Lehigh, 196 *id.* 612; Chicago City Ry. Co. v. Leach, 208 *id.* 198. They worked together in the same yard for a common purpose, and the bringing in and taking out of cars, loading, unloading, weighing and switching brought them into habitual association in the performance of their duties." By parity of reason it logically follows that the crew of the crane car, working together as they did all the time, were necessarily habitually associated together in the discharge of their duties and were fellow-servants of each other, working for a common master, engaged in forwarding the same kind and

character of work, to which their mutual energies were directed.   Socco and plaintiff were laborers, working together all the time in the same character of work, and their association in such work was habitual.   They were so engaged at the time of the accident, at which time, and all the time preceding, while they were part of the crane car crew, they were fellow servants.   So far as any act of Socco's contributed to the injury of plaintiff, it was the act of a fellow-servant, for which there could be no recovery.

The correctness of the rulings of the court upon the evidence or in the giving or refusing of instructions are of no consequence in view of the conclusions to which we have arrived on the other matters assigned for error.   Nor is it necessary to consider whether such errors, if any, were of such a nature that the judgment ought to be reversed on account of them.

The judgment of the Superior Court is reversed.

*Reversed.*

MR. JUSTICE BAKER, dissenting.