# WABASH RAILROAD COMPANY

## v.

# GEORGE M. KIME.

*Railroads—Negligence of—Killing of Stock—Colt—Insufficient Fence —Change in after Accident—Farm Crossing—Gate—Attorney's Fees— Practice—Evidence.*

1. Evidence in an injury case touching repairs to that which caused a given injury subsequent to the occurring thereof, should not be received, its purpose being to show that the defendant regarded the same to be insufficient.

2. If there be nothing in a given case to raise an inference of a change in condition subsequent to the injury, it will be competent to prove such condition shortly after the injury, within such time as will tend to establish the condition at the time of the injury.

3. If there be evidence of a condition shortly after the injury different from that claimed to exist at the time of the injury, it will be competent to show that such condition was a changed one, made better or worse after the injury by repair, accident or other cause.

4. A farm crossing is an easement over the track of a railroad, while a gate is a part of the fence which is required to be placed wherever there is such farm crossing.

5. This court has appellate jurisdiction only, and the question of what would be a reasonable attorney's fee is one of fact, upon which one is entitled to a trial by jury. A motion for an allowance of attorney fees in this court, the motion being taken with the case, comes too late, the same being made after the court has taken the case for determination.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. McILDUFF & TORRANCE, for appellant.

Messrs. STRAWN & NORTON, for appellee.

CARTWRIGHT, J. This was a suit by appellee against appellant for damages occasioned by the killing of a colt by appellant's engine upon its track. There was a recovery of $135

damages on account of killing the colt, and $15 attorney fees, upon the first count of the declaration, which charged appellant with a failure to maintain a sufficient fence along its right of way by means whereof the colt got upon the track and was killed. The evidence tended to prove that the colt got upon the right of way through the fence adjoining a farm crossing, and there was no dispute as to its being killed as alleged.

The fence at that point was out of repair, and had been in that condition for some time. The company had notice of its condition, and had neglected its duty of repair. Upon the trial, the court, against appellant's objection, permitted evidence of the condition of appellant's fence adjoining other fields at places where there was no evidence which could justify any inference that the colt could have got upon the right of way. The only effect of such evidence would be to show a general neglect of duty by appellant in respect to its fences. The court also gave an instruction as to the liability of appellant in case the colt strayed through adjoining fields, and by that means came upon the track. This was given upon a mere theory, unsupported by any evidence. There was no reason whatever to suppose that any such thing had happened. Appellee was also permitted to prove that, after the killing of the colt, appellant repaired the fence and widened the farm crossing, and put thirty-seven new posts in the fence.

The liability of appellant depended upon the condition of the fence at the time of the injury, and the only evidence of condition that was competent, was such as tended to prove its condition at that time.

If there should be nothing to raise an inference of a change in condition subsequent to the injury, it would be competent to prove such condition shortly after the injury, within such time as would tend to establish the condition at the time of the injury.

And if there should be any evidence of condition shortly after the injury, different from that claimed to exist at the time of the injury, it would then be competent to show that such condition was a changed one, made better or worse after the injury by repair, accident or other cause. All such evi-

dence would be legitimate for the purpose of showing the material fact in issue in the case.

But in this case there had been no evidence which would authorize the introduction of evidence of repairs. It was offered seemingly for the sole purpose of showing that appellant regarded the fence as insufficient, and it would have no other effect than as an admission of its insufficiency. The action of the court in the respects above indicated was erroneous, but it does not necessarily follow that the judgment must be reversed.

The liability of appellant was satisfactorily established by the evidence, and proper instructions were also given upon the questions of law raised by the evidence. Justice appears to have been done by the verdict and the result does not appear to have been produced or affected by the errors committed. In fact the only substantial claims of appellant on the merits are that the defect was produced by the act or negligence of appellee, and that the colt came through the fence at a place where there was a gate at a farm crossing of the railroad, and therefore came through an insufficient farm crossing instead of an insufficient fence, as alleged in the count of the declaration upon which the jury found for appellee. The first claim is not sustained by the evidence, and with respect to the second, it is sufficient to say that the gate constituted a part of the fence itself. Jones v. C. & I. R. R. Co., 68 Ill. 380. A farm crossing is an easement over the track of the road, while a gate is a part of the fence which is required to be placed wherever there is such farm crossing.

There was a motion by appellee for an allowance of attorney fees in this court, which motion was taken with the case. The motion was made after the court had taken the case for determination, and therefore came too late, but we are also of the opinion that such an allowance could not be made. This court has appellate jurisdiction only, and the question of what would be a reasonable attorney's fee, is one of fact upon which there would be a right of trial by jury.

We can not try that question. The motion will be denied. The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*