## Chicago, M. & St. P. Co. v. Kendall.

1. *Evidence—Effect of Improper, Cured by Instructions.*—In an action against a railroad company for killing horses, the plaintiff was allowed to introduce evidence of the condition of the fence through which it was claimed they got upon the track, for a considerable distance from the place in question, along the lands of the plaintiff, and for years prior to the accident. *It was held,* that such evidence was irrelevant; but, an instruction being given to the jury at the instance of the defendant, that they had "no right to consider in coming to a conclusion in the case, whether or not the fences of the defendant were good or poor, sufficient or insufficient, on the sides of its right of way adjoining the premises of the plaintiff, other than the panel of fence through which the animals got the night they were injured," *it was held* that this instruction properly eliminated the objectionable evidence from the case, and that no harm resulted to the defendant from its admission.

2. *Practice—Exception to Evidence.*—If the party desires to avail himself of the introduction of incompetent evidence, he must object to the same in apt time, and except to the ruling of the court in passing upon his objection.

3. *Evidence—Weight to be Given to Testimony.*—Where, in an action against a railroad company for killing horses, a witness testified that he knew the value of horses generally in the vicinity, and had seen the horses about which he testified, the cross-examination developed the fact that he had but little knowledge on the subject, and slight opportunity to judge of the value of horses, *it was held,* that. the cross-examination only affected the weight to be given to it, but did not render it incompetent.

4. *Evidence—Competency as to Stock Killed.*—In an action against a railroad for killing domestic animals, it was shown that a witness was competent to testify upon the subject of values; that he had heard the animals described in the suit by the plaintiff and others, and was asked what was a fair cash value of the animal killed, but was not permitted to answer. *It was held,* that the witness had not brought himself within the rule, for at the time the question was asked it had not been shown that he had heard all the evidence on the subject about which his opinion was asked.

5. *Evidence—Hypothetical Questions as to Values.*—Where a hypothetical question is put to a witness for his opinion in regard to the value of an animal, the question must be full enough to form a basis for an opinion, and must omit no important qualities of the animal affecting its value, about which there is no dispute, and which would necessarily influence an opinion.

6. *Evidence—Photographs of Premises in Question.*—Upon the trial of an action against a railroad company for killing domestic animals

which had got upon their track through a defect in the fences adjoining the same, the court refused to admit in evidence a photograph of the broken fence boards, the broken boards being in court and offered in evidence. *It was held* that the photographs, which exhibited only a partial view of them, were properly refused.

7. *Instructions—Reference to Other Instructions in the Case.*—An instruction which refers to the other instructions in the case, and which does not require the jury to believe any fact from the instructions, but merely informs them that "if, under the evidence and instructions, they believe the defendant liable and give a verdict for the plaintiff, they shall assess the damages," is proper.

**Memorandum.**—Action for killing domestic animals. Appeal from a judgment rendered by the Circuit Court of Ogle County; the Hon. JOHN D. CRABTREE, Judge, presiding. Heard in this court at the May term, A. D. 1893, and affirmed. Opinion filed December 12, 1893.

The statement of the facts is contained in the opinion of the court.

APPELLANT'S BRIEF, E. F. DUTCHER, ATTORNEY.

The party asking an opinion of an expert may, within reasonable limits, put his case hypothetically as he claims to have been proved, and take the opinion of the witness thereon, leaving the jury to determine whether the case as put is the one proved. In this case there was no controversy as to description of the mares killed. Bishop v. Spining, 38 Ind. 149; Guetig v. State, 66 Ind. 94; Goodwin v. State, 96 Ind. 550; Cowley v. People, 83 N. Y. 464; 38 A. Rep. 464.

Experts may give their opinions on the value of an article. Thus the owner of a cloak may testify to its value by the knowledge she has obtained in pricing similar cloaks, although she never bought but one. State v. Finch, 70 Ia. 316; Printz v. People, 42 Mich. 144; 36 Am. Rep. 437; Berney v. Dinsmore, 141 Mass. 42; 55 Am. Rep. 445.

They may give the value of a dog, based either upon actual sales or their general knowledge. Cantling v. Hannibal etc., R. R. Co., 54 Mo. 385; 14 Am. Rep. 476. Same of horses, breeds, values, etc. Harris v. R. R. Co., 36 N. Y. Super. Ct. 373. Same of land. Clark v. Baird, 9 N. Y. 183; Bearss v. Copley, 10 N. Y. 93.

It is not necessary to qualify a witness to testify as to values, that it should be of such direct character as would make it competent as primary evidence. It is the experience which he acquires in relation to the value of animals and other things by being engaged in the business or knowing of it, that qualifies him to testify. Whitney v. Thacher, 117 Mass. 526; Stone v. Tupper, 58 Vt. 409; Haish v. Payson, 107 Ill. 365.

J. C. SEYSTER and R. J. SENSOR, attorneys for appellee.

OPINION OF THE COURT, CARTWRIGHT, J.

This suit was brought by appellee to recover damages from appellant for killing two horses and injuring a colt, the property of appellee. The declaration charged a liability of appellant on the ground that its fence was insufficient where the stock went through it. Appellee recovered $290 for damages and attorney's fees.

The particular place where the stock went through the fence was identified, and was not in dispute. The court, against the objection of the defendant, allowed the plaintiff to introduce evidence of the condition of the fence for a considerable distance from the place in question along the lands of the plaintiff, and for years prior to the accident. Such evidence was irrelevant to the issue touching the liability of defendant that was being tried. The plaintiff did not suffer the injury complained of on account of the condition of the fence at other times and places. The plaintiff was not entitled to prove a general neglect of duty in respect to fences across his lands not resulting in the injury sued for. C., B. & Q. R. R. Co. v. Farrelly, 3 Brad. 60; Wabash R. R. Co. v. Kime, 42 Ill. App. 272; P. D. & E. Ry. Co. v. Aten, 43 Ill. App. 68.

But an instruction was given the jury, at the instance of defendant, that the jury had no right to consider, in coming to a conclusion in the case, whether or not the fences of the defendant were good or poor, sufficient or insufficient, on the sides of its right of way, adjoining the land and premises of plaintiff, other than the panel of fence which

the animals got through the night they were killed or injured. In view of this instruction, which practically eliminated the evidence from the case, we do not think that any harm resulted from its admission.

Plaintiff testified to a conversation between himself and the section foreman of defendant, who had charge of the fence, concerning its condition. It is argued that this evidence was incompetent; but the record shows no exception to rulings of the court as to the conversation, except a ruling that if plaintiff notified the section foreman of the condition of the fence, he might testify to that fact. That holding was correct, and as no other exception was saved, the other objections made here will not be considered.

It is contended that the court erred in admitting the testimony of witnesses on the part of the plaintiff as to the value of the animals, and in refusing to allow witnesses for defendant to testify to such value. The witnesses who testified for plaintiff on that subject said that they knew the value of horses generally in that vicinity, and had seen the horse about which they testified. Their testimony was competent, and their cross-examination, which developed the fact that some of them had but little knowledge on the subject, or slight opportunity to judge of the value of these animals, only affected the weight to be given to their testimony, but did not render it incompetent. The witnesses for defendant, who were not permitted to testify as to value, did not show that they had any knowledge of values, except the witness Rainey, who was a dealer in horses at a village near by. As to the witnesses who had no knowledge of the subject, the ruling was correct. Rainey showed that he was competent to testify on the subject, and that he heard the mares described in the suit by the plaintiff and others. He was then asked what was the fair cash value of the gray mare, but was not permitted to answer. The case of Schneider v. Manning, 121 Ill. 376, is relied upon as establishing the rule that this was a proper method of examination; but if it was there intended to hold that a witness may give an opinion based upon hearing the evi-

dence, and considering such facts as he can recollect as having been testified to, the witness in this case did not bring himself within the rule; for, at the time the question was asked, he had not shown that he had heard all the evidence on the subject about which his opinion was asked. A hypothetical question was then put to the witness, but the question was not full enough to form a basis for an opinion, and omitted important qualities about which there was no dispute affecting value, and which would necessarily influence an opinion, such as, that the gray mare was a nice, stylish family mare, that a girl was accustomed to drive in safety. There was no conflict in the evidence as to the qualities of the mare, and no dispute on that subject out of which opposing theories could be framed as to the facts, and there was such a partial statement of undisputed facts as to render the question objectionable.

It is also objected that the court refused to admit in evidence, a photograph of the broken fence boards. The broken boards were brought into court and offered in evidence, and the photograph, which exhibited but a partial view of them, was properly excluded.

There was a conflict in the evidence as to whether the boards, when found the next morning after the accident, were attached to the posts at each end, and had been broken in the middle, were sound and sufficient, or whether they had become detached from one post on account of decay and insufficient fastening. It was the peculiar province of the jury to determine this question of fact, and we will not disturb their finding.

We see no objection to the fourth instruction for the plaintiff, which is criticised by counsel because it refers to the instructions. It does not require the jury to believe any fact from the instructions, but merely informs them that if under the evidence and instructions, they believe the defendant liable, and find a verdict for plaintiff, then they shall assess the damages.

Finding no reversible error in the record, the judgment will be affirmed.