## City of Streator v. Hamilton.

1. *Negligence—Defective Sidewalk.*—On the trial of an action against a municipal corporation for damages, sustained by reason of a defective sidewalk, it is error to permit the introduction of evidence on the part of the plaintiff, showing the condition of the walk at other places than that at which the injury occurred.

2. *Negligence—Defective Sidewalk—Burden of Proof.*—In an action for the recovery of damages, sustained by reason of a defective sidewalk, it is necessary to the recovery for the plaintiff to prove that the proximate cause of the accident and consequent injury was the failure of duty on the part of the municipal corporation to keep its sidewalks in a reasonably safe condition.

3. *Negligence—Defective Sidewalk—Subsequent Repairs.*—On the trial of an action for personal injuries, resulting from a defective sidewalk, it is error to permit the admission of evidence showing that repairs were made on the sidewalk after the occurrence of the accident.

4. *Instructions.*—It is error to refuse an instruction which states the law correctly and contains propositions of law which are not embraced in other instructions given to the jury.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of La Salle County; the Hon. Charles Blanchard, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

*Defendant's seventh and eighth refused instructions:*

7. The court instructs the jury as a matter of law, that a city is not required to have its sidewalks so constructed as to secure immunity in using them; nor is it bound to employ the utmost care and exertion to that end. Its duty under the law is only to see that its sidewalks are reasonably safe for persons exercising ordinary care and caution; and in this case, if the jury believe from the evidence, that the sidewalk was so constructed as to be sufficiently level and smooth for ordinary travel, and so built that it would not, by reason of any latent defects therein, give way, or by reason of patent defects therein at the time of the alleged injury, was not dangerous to walk upon by one who was ordinarily cautious and prudent, and that the sole cause of the accident, if you believe there was one, was due to the accidental omission of the plaintiff to exercise ordinary care while passing along and upon said sidewalk, at the point where the alleged injury took place, then such a condition of the sidewalk would not be a defect for which the city would be liable.

8. You are instructed that municipal corporations, such as the defendant, are only liable for such defects in their sidewalks as are in themselves dangerous, or such that a person exercising reasonable care and caution can not avoid danger in passing over it. If the jury believe from the evidence that the defect in the sidewalk in question was not in itself dangerous to the safety of a person passing over it with reasonable care and caution, and that the alleged injury was the result either of a mere accident without negligence on the part of defendant, or that it resulted from a want of reasonable care and caution on the part of the plaintiff, then the jury should find the defendant not guilty.

The statement of facts is contained in the opinion of the court.

G. E. GLASS, attorney for appellant.

WALTER REEVES, attorney for appellee.

OPINION OF THE COURT, CARTWRIGHT, J.

Appellee sued appellant for damages sustained by falling while passing over one of its sidewalks, and alleged that her fall was caused by a defect in the sidewalk which rendered appellant liable. There was a trial, which resulted in a verdict and judgment for appellee for $1,500.

The plaintiff's account of the accident was that she was going toward home with two parcels in her arms, on June 17, 1891, at about 11 o'clock in the forenoon, when the heel of her shoe was caught in the walk in some way which she was not able to explain; that part of the heel of her shoe was torn off, and that when it gave way she fell at full length upon the walk, causing a sprain of the ankle, and resulting in an abortion. The walk in question was shown to be about five feet wide, and made of two-inch plank laid crosswise upon three stringers two inches thick and six inches high. The walk was an old one, and there was considerable travel over it. Plaintiff fixed the place where the heel was caught within a space of about ten feet and near a certain gate. That the accident occurred at that place was not in doubt, and it was shown quite clearly that there was no defect in the walk where it occurred, except that one plank which had a sappy edge on the upper side had decayed in that part from natural causes, and the edge had sloughed off, leaving a crevice on the upper side from one and a half to two inches wide, next to the adjoining plank. This decayed portion did not extend through the plank, which was of the original width at the bottom, but the opening between the planks on the upper side was probably wide enough and deep enough to admit the heel of the shoe.

It was necessary to a recovery by the plaintiff, that she

should prove that the proximate cause of her fall and consequent injury, was a failure of duty on the part of the defendant, in respect to the alleged defect. To show such failure, it was essential that the injury should be caused by a defect of such a nature as rendered the walk not reasonably safe, and that an ordinarily careful and prudent person, having charge of the walk, would have so regarded it and have made repairs. While we shall not express any opinion on the facts, it will be apparent from what has been said, that it was by no means clear that the alleged defect was such as to create a liability, and that the case was such as required that no material errors of law should intervene against the defendant, and especially in the admission of testimony which might have tended to produce a verdict on general principles or for some other neglect.

On the trial the plaintiff was allowed, against the objection of defendant, to introduce evidence of the condition of the walk for a distance of about two blocks. Its condition elsewhere was wholly irrelevant to the inquiry concerning the liability of the defendant for the injury to the plaintiff.

An omission to repair a defect in the walk, could only become a wrong to the plaintiff, when an injury resulted to her from such omission. She suffered no injury from any neglect to repair any defect, unless it was where the heel of the shoe was caught, and the evidence must connect her injury with that neglect as a proximate cause. The evidence objected to, tended merely to prove a neglect of duty to the public at large, not resulting in any injury to the plaintiff.

The only reason advanced by counsel in support of its admission is that it tended to prove notice to the defendant of the alleged defect which caused the injury. We are unable to see how the existence of a hole or broken or loose board in another place would afford information to the defendant that the plank in question was in the condition shown by the evidence. The only effect would be to lead the jury to believe that the city authorities were habitually negligent concerning sidewalks. The evidence should not have been admitted.

Plaintiff was also permitted to introduce evidence that repairs were made on the sidewalk after this accident, by nailing barrel staves and pieces of cracker boxes over holes at various places. This evidence was improper and should have been excluded. Hodges v. Percival, 132 Ill. 53; Wabash R. R. Co. v. Kime, 42 Ill. App. 272; Black on Proof and Pleadings in Accident Cases, Sec. 30.

It is argued that this evidence was competent to show that there were holes in the sidewalk. If that was the tendency of the proof it would still be improper, for the jury were only concerned with the alleged defect where the accident occurred; but that was not the natural effect of the proof. The jury would understand it only as an admission of the defective condition of the sidewalk.

The seventh and eighth instructions asked by the defendant were refused. They stated the law correctly and contained propositions of law which were not embraced in any instructions given to the jury. They should have been given. The judgment will be reversed and the cause remanded.