Oliver W. Norton and Edwin Norton v. John Volzke, an Infant, by August Volzke, His Next Friend.

1. MASTER AND SERVANT—*Employment of Minors.*—The law does not require that a child shall exercise the same degree of care and caution as a person of mature years, but only such care and caution as a person of such age and discretion would naturally and ordinarily use.

2. SAME—*Contributory Negligence of a Child.*—The rule as to contributory negligence of a child is, that it is required to exercise only that degree of care which a person of that age would naturally and ordinarily use in the same situation and under the same circumstances.

3. INSTRUCTIONS—*May Imply Without Assuming Facts.*—The giving of an instruction which implies that evidence tending to prove the "status of case" is before the jury, is not reversible error.

4. SPECIAL INTERROGATORIES—*Theoretical Errors.*—It is not error to refuse to submit a special interrogatory when the answer to it would not be decisive of the case.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, pre-

siding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 19, 1894.

The opinion states the case.

APPELLANTS' BRIEF, R. S. THOMPSON, ATTORNEY.

The employe assumes, as part of his contract of hiring, all the ordinary known dangers of his employment. Indianapolis, B. & W. R. R. Co. v. Flanigan, 77 Ill. 365; Illinois C. R. R. Co. v. Cox, 21 Ill. 20; Richardson v. Cooper, 88 Ill. 270; Pennsylvania Co. v. Lynch, 90 Ill. 333.

The fact that the employe is a child, does not free him from the operation of this rule. Gartland v. Toledo W. & W. R. R. Co., 67 Ill. 498; Glover v. Gray, 9 Brad. 329; Buckley v. Gutta Percha Mfg. Co., 113 N. Y. 540; DeGraff v. N. Y. C. & H. R. R. Co., 76 N. Y. 125; King v. B. & W. R. R. Co., 9 Cush. 112.

It is not the duty of an employer to instruct a servant as to an obvious danger, even though the servant be a minor. O'Keefe v. Thom, 16 Atl. Rep. 737; Castello v. Judson, 21 Hun (N. Y.); Pittsburgh R. R. Co. v. Adams, 105 Ind. 151.

If the employe has gained a knowledge of the dangers of his employment from experience or other source, the failure of the employer to caution him as to such dangers will not make him liable for injuries received by the employe. Buckley v. Gutta Percha Mfg. Co., 113 N. Y. 540; Herman-Harrison Milling Co. v. Spehr, 145 Ill. 329; Palmer v. Harrison, 57 Mich. 182; Sullivan v. India Mfg. Co., 113 Mass. 399; Downey v. Sawyer, 32 N. E. 654.

The burden is on the plaintiff to prove that he was a person of inexperience and immature judgment, and incapable of appreciating the danger of his situation. Chicago Anderson Pressed Brick Co. v. Reinneigar, 140 Ill. 334; Sullivan v. India Mfg. Co., 113 Mass. 399.

If the employe continues in the employment after knowledge of its dangers, he can not, after injury, complain that the danger might have been lessened by the employer. Sullivan v. India Mfg. Co., 113 Mass. 399; Stephenson v. Duncan, 73 Wis. 404; Shaw v. Sheldon, 3 N. Y. St. Rep. 679.

An employer is not bound to provide absolutely safe machinery. Shroeder v. Mich. Car Co., 56 Mich. 132; Weber Wagon Co. v. Kehl, 139 Ill. 657; Camp Point Mfg. Co. v. Bellar, 71 Ill. 421; T. W. & W. Ry. Co. v. Asbury, 84 Ill. 429; Shearman & Redfield on Neg., Secs. 87–92; Moulton v. Gage, 138 Mass. 390.

A servant who voluntarily exchanges his usual and proper place of work for one more dangerous, can not recover for injuries resulting from such change of position. Sinclair v. Bernt, 87 Ill. 174; Brown v. Byroads, 47 Ind. 435; St. Louis Bolt & Iron Co. v. Brennan, 20 Ill. App. 555; St. Louis Bolt & Iron Co. v. Burke, 12 Ill. App. 369; Coal Run Coal Co. v. Jones, 127 Ill. 379.

An employer is not liable to his servant when the cause of the injury is purely accidental. Lewis v. Flint & Pere Marquette R. R. Co., 54 Mich. 55; Richards v. Rough, 53 Mich. 212; Hickey v. Taafe, 105 N. Y. 26; Gassaway v. Ga. So. R. R. Co., 69 Ga. 347; 14 Am. & Eng. Enc. Law, 890.

An employer is not negligent in pursuing a certain line of conduct where nothing has ever occurred to suggest it to be negligence in the master in so doing.

As no similar accident has ever before occurred, such want of previous experience was conclusive as to the absence of negligence in the defendant. Dougan v. Champ. Trans. Co., 56 N. Y. 1; Sutton v. N. Y. C. R. R. Co., 66 N. Y. 243; Kittermingham v. Sioux City R. R. Co., 62 Ia. 285.

The mere relation of master and servant can never imply an obligation on the part of the master to take more care of a servant than he may reasonably be expected to take of himself. Priestly v. Fowler, 3 M. & W. 1. Or more care of the servant than the servant may reasonably be expected to take of himself. Missouri Furnace Co. v. Abend, 107 Ill. 44.

The element of comparison is the essence of the rule of comparative negligence, and an instruction which fails to institute a comparison of the negligence of the plaintiff with that of the defendant is erroneous. First Nat. Bank v. Eitemiller, 14 Ill. App. 22; Moody v. Peterson, 11 Ill. App.

180; Pittsburgh, Cinn. & St. Louis R. R. Co. v. Shannon, 11 Ill. App. 222; C. & E. I. R. R. Co. v. O'Connor, 13 Ill. App. 66; E. St. L., P. & P. Co. v. Hightower, 92 Ill. 139.

APPELLEE'S BRIEF, PEASE & McEWEN, ATTORNEYS.

Infancy at any age is a fact tending to prove incapacity. Herdman v. Spehr, 46 Ill. App. 24.

No rule can be laid down as to the negligence of infancy; it is always a question of fact. C. C. Ry. Co. v. Wilcox, 138 Ill. 370.

Master can not direct servant to work in a dangerous place. Consolidated, Ice Machine Co. v. Kifer, 26 Ill. App. 466.

And a willful neglect to provide proper protection to an employe in a dangerous occupation is gross negligence. C. & E. I. R. Co. v. Huirs, 33 Ill. App. 271.

The rule that the employe assumes the risk of his employment does not apply to young persons; the infant must be informed of his danger. Herdman v. Spehr, 145 Ill. 329.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee, a boy who had been at work for the appellants about six months, had a portion of the fingers of his right hand cut off in some cog wheels, while he yet lacked nearly five months of being eleven years old. There is testimony, contradicted, that when he applied for employment he said his age was thirteen years. In doing his work the evidence seems to be pretty clear that he sat on a box, with his back toward, and about one foot from, the cog wheels; but whether he ought to have been in that position, or stood upon the other side of the machine, is the subject of conflicting testimony. In the position he did occupy he worked with his left hand, reaching upward to some light cans being carried forward by the machine, his business being to keep the cans in order, and pick out defective ones.

There were two of these cog wheels, one over the other, about three inches in diameter, the cogs probably seven-eighths of an inch long, and the wheels turned in upon each other on the side toward the boy. The evidence states the

Norton v. Volzke.

distance that they projected from the side of the machine at from five to eight inches. On the same shaft with the lower one, was a sprocket wheel, somewhat larger than the cog wheel, and about two inches further out, on which a chain belt, extending upward and backward from the boy, ran. This sprocket wheel and chain were the only protection in the nature, or serving the purpose, of boxing, about the cog wheels.

The boy is the only witness as to the manner in which his fingers got between the cogs, and he says that reaching up with his left hand for a can, with his right hand on the box, he jerked the can out, the box slipped, and his right hand went back into the cogs.

Testimony was put in, without objection, that after the accident, the cog wheels on that machine and on all machinery were boxed up. It is not improbable that a skilled and experienced mechanical engineer would have seen that it was prudent to so box them before any accident.

In principle, the case is not distinguishable from Chicago Anderson Co. v. Reinneiger, 41 Ill. App. 324, S. C., 140 Ill. 334, and Ames & Frost v. Strachurski, 145 Ill. 192; and it is not difficult to account for verdicts in favor of the injured, in all that class of cases. Goss & Phillips v. Suelaw, 35 Ill. App. 103.

The instructions given for the appellee, to which appellants object, are as follows:

"No. 1. The jury are instructed that in determining the relative degrees of care, or want of care, manifested by the parties at the time of the injury, the age and discretion of the party injured are proper subjects of inquiry for the jury. The law does not require that a child shall exercise the same degree of care and caution as a person of mature years, but only such care and caution as a person of his age and discretion would naturally and ordinarily use.

No. 2. The jury are instructed that the rule as to contributive negligence of a child, is that it is required to exercise only that degree of care which a person of that age would naturally and ordinarily use, in the same situation and under the same circumstances.

No. 3. The court instructs the jury, as a matter of law, that if a person receives an injury as a combined result of an accident and of negligence on the part of another, and the accident would not have occurred but for such negligence, and the danger could not have been foreseen or avoided by the exercise of reasonable care and prudence, on the part of the person injured, taking into consideration all the facts and circumstances of the case, then the person guilty of the negligence will be liable for the injury received.

No. 4. If, from the evidence in the case, and under the instructions of the court, the jury shall find the issues for the plaintiff, and that the plaintiff has sustained damages, as charged in the declaration, then to enable the jury to estimate the amount of such damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damages, but the jury may themselves make such estimate from the facts and circumstances in proof, and by considering them in connection with their own knowledge, observation and experience in the business affairs of life."

It is said that these instructions assume the facts, and if we were to follow the words of the opinion in Chambers v. People, 105 Ill. 409, that "the fact that the court assumes to state law applicable to particular states of case, is, of itself, an assumption that those states exist," we should be compelled to so hold. That such instructions do imply that evidence tending to prove the "status of case" is before the jury is doubtless true, but they imply no more. They are abstract—assuming nothing.

Such a form of instructing is not approved by the decisions in this State, but those decisions held that it is not *per se* error. Little v. Munson, 54 Ill. App. 437.

Yet in Hill v. Ward, 2 Gilm. 285, it was held that the refusal of abstract instructions was erroneous.

The phase "under the instructions of the court" in the last is objected to on the authority of Kranz v. Thieben, 15 Ill. App. 482, which is not quite in point. The words here mean that if from the evidence, and upon the law as

given, the jury find, etc., which is exactly what the jury ought to do.

The appellants asked the court, and the court refused to submit questions for the jury to answer, as follows:

"Did the defendants omit to do anything that ordinarily prudent and careful persons would have done under the circumstances?

Did the defendants do anything that ordinarily prudent and careful persons would not have done under the circumstances?"

An answer "no" to the first question would have been decisive of the case, and the question should have been left to the jury.

But in answer to a question propounded by the court, they have said that the appellants should have placed a guard or cover about the cog wheels, which is equivalent to answering "yes" to the first question.

The error, therefore, in not submitting the question, is only theoretical. To the second question "yes" or "no" would not have been decisive of the case. C. & N. W. Ry. v. Dunleavy, 27 Ill. App. 438, S. C., 129 Ill. 132; C. & N. W. Ry. v. Bouck, 33 Ill. App. 123.

The refusal of that question was right. On the whole case there is no real error, and the judgment is affirmed.