Submitted on brief June 7, affirmed June 19, 1917.

# HOLDEN *v.* A. F. COATS LUMBER CO.

(165 Pac. 674.)

**Waters and Watercourses—Flooding Land—Evidence—Admissibility.**

1. In an action for damages caused by changing the channel of a river by digging a ditch across the open end of a horseshoe bend and flooding plaintiffs' land, evidence that the stockholders of both the defendant corporations were identical and that their subscriptions in each corporation were in exact proportion, and that the secretary of both corporations was identical, and that the manager of the defendant lumber corporation was a director of the defendant boom corporation, and was active in negotiations whereby it was sought to obtain plaintiffs' consent to the digging of the ditch, and that the foreman of the actual work of digging the ditch was an employee of the lumber corporation and received his pay from it, and that the boom corporation derived the funds with which to carry on its work from the heaviest stockholder in the lumber corporation and from the lumber corporation, without other evidence of the debts than promissory notes and open account, and that the boom corporation had not handled any logs other than those belonging to the lumber corporation, was admissible as tending to prove the liability of the lumber corporation for acts of the boom corporation in digging the ditch.

[As to the liability of well owner for injury caused by water flowing on to adjoining land, see note in Ann Cas. 1914D, 563.]

**Principal and Agent—Existence of Agency—Jury Question.**

2. Evidence *held* to warrant submission to the jury of the question whether defendant boom corporation which dug the ditch was the agent of the defendant lumber corporation in doing so.

**Trial—Reception of Evidence—Discretion of Court.**

3. The court did not abuse its discretion in permitting the plaintiffs to testify upon rebuttal in regard to the nature and extent of the damage done by the high water, where it appears that this evidence goes to meet unexpected evidence offered by defendant.

From Tillamook: GEORGE R. BAGLEY, Judge.

This is an appeal from a judgment rendered in favor of plaintiffs, A. E. Holden and Ethel Holden, husband and wife, and against the defendants, A. F. Coats Lumber Company, a corporation, and the Coats Driving and Boom Company, a corporation. Affirmed.

In Banc. Statement by MR. JUSTICE BENSON.

Plaintiffs are the owners of 30 acres of farming land in Tillamook County through which the Tillamook

River flows, and in its course through the land it makes what may be called a horseshoe bend. The substance of the complaint is that the two defendant corporations wrongfully and without plaintiffs' consent entered upon their land and changed the channel of the river by digging a ditch across the open end of the horseshoe bend and dumping large quantities of earth and rock into the bed of the stream, thereby flooding their land and washing away the soil to their damage in the sum of $2,500.

The A. F. Coats Lumber Company answering separately, denied the allegations of the complaint.

The Coats Driving and Boom Company in its answer admits the digging of the ditch but denies that it acted wrongfully or without the consent of the plaintiffs, and denies that injury resulted therefrom. It then alleges that the ditch was dug with the consent and approval of plaintiffs and was, in fact, an actual benefit and protection to plaintiffs' land; that the ditch was dug in a careful manner, of sufficient capacity to provide for carrying the ordinary flow of the river, but that during the winter seasons of 1915 and 1916, an unusual and extraordinary flow of water occurred in the river, and extraordinary storms and rainfall ensued raising the waters of the stream to an unusual height, and that if plaintiffs' land was flooded and damaged it was not because of any act of defendants, but because of the unusual floods.

A reply being filed a trial was had resulting in a verdict and judgment for plaintiffs in the sum of $585, from which defendants appeal.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

AFFIRMED.

For appellants there was a brief over the names of *Messrs. Veazie, McCourt & Veazie* and *Mr. H. T. Botts.*

For respondents there was a brief over the name of *Mr. Sidney S. Johnson.*

MR. JUSTICE BENSON delivered the opinion of the court.

There is a large number of assignments of error but they may be logically discussed in two groups: Objections to the admissibility of certain evidence; and objections to certain instructions to the jury based upon such evidence.

1, 2. The theory upon which plaintiffs presented their case was that the Boom Company was the creature of the Lumber Company and simply an instrument in its hands, whereby it performed some of its desired ends. It is conceded that the actual work which resulted in the alleged injury was performed by the Boom Company. Upon the other hand the defendants insisted that the Lumber Company could not in any event be held liable for a tort of the other corporation. In support of their contention the plaintiffs called as a witness one B. W. Miller who testified that he was secretary of both corporations; that during the year 1915, "the Coats Driving and Boom Company was a logging corporation putting in logs to supply the A. F. Coats Lumber Company's mill in Tillamook." This witness also used the following language:

"The A. F. Coats Lumber Company contemplated that they would have to have logs to run their mill, and in order to do that they bought a certain tract of timber at the head of Buley Creek, and it was deemed the most practical way to get them out to have a com-

pany that would attend to that part of the work of driving and booming the logs.''

The articles of incorporation of both companies were offered in evidence from which it appears that the Lumber Company had a capitalization of fifty thousand dollars and the Boom Company a capital stock of two thousand dollars. The minutes of the first meetings of both organizations were introduced, from which it appears that the stockholders of both were identical, and that their subscriptions of stock in the smaller company were in exact proportion to their holdings in the larger. It further appears from the evidence that O. A. Shultz, manager of the Lumber Company, and a director of the Boom Company, was active in the negotiations whereby it was sought to obtain plaintiff's consent to the digging of the ditch; that one Peter Jackson, a foreman in the actual work of digging the ditch, was an employee of the Lumber Company and received his pay from it; that the Boom Company derived the funds with which to carry on its work, including some miles of logging railroad and equipment, from A. F. Coats, the heaviest stockholder in the Lumber Company, and from the Lumber Company itself, without other evidence of debt than promissory notes and open account; and that the Boom Company had not handled any logs other than those belonging to the Lumber Company. All of this evidence was admitted over the strenuous objection that none of it tended to prove any liability upon the part of the Lumber Company. With this contention we cannot agree. It is probably true that no one item thereof is sufficient evidence upon which to base a verdict, but each detail certainly constitutes a circumstance throwing light upon the situation and when

combined they make a sufficient record to justify submission of the question to the jury.

The objections to the instructions, with a single exception, are predicated upon the admissibility of the evidence already discussed, so we need not consider them further.

One instruction, however, is based upon the theory that there was evidence that the earth and rock were dumped into the river by one or both of the defendants, whereas the defendants insist that there is a failure of proof in this respect. An examination of the bill of exceptions discloses abundant evidence that it was done by the Boom Company in the progress of its work and therefore the instruction was not erroneous.

3. It is also urged that the court erred in permitting the plaintiff, A. E. Holden, to testify upon rebuttal in regard to the nature and extent of the damage done by the high water, but an examination of the record discloses that this evidence goes to meet unexpected evidence offered by defendants and in our judgment the court did not abuse its discretion in permitting it.

We find no error in the record and the judgment is affirmed.                                         AFFIRMED.