Argued April 17; affirmed June 4, 1946

# PARMENTIER *v.* RANSOM ET AL.
## (169 P. (2d) 883)

E. M. Page, Judge.

*Custer E. Ross,* of Salem (Ross & Lewelling, of Salem, on brief), for appellants.

*Paul F. Burris,* of Salem, for respondent.

Before BELT, Chief Justice, and ROSSMAN, BAILEY, LUSK, BRAND and HAY, Justices.

HAY, J.

This is an action for damages arising out of negligently inflicted injuries to the person. Plaintiff and her mother were employed upon the night shift at a dehydration plant in Salem, Oregon. At about seven o'clock in the morning of December 14, 1943, they were being transported from the place of their employment toward their home, as guest passengers in an automobile driven by Roland Bair, a fellow employee. The amended complaint alleges that the morning was dark and the weather foggy. At a point about a mile north of Salem, a collision occurred between their car and a Ford pick-up car owned by the defendant Ransom and driven by the defendant Clyde Poulton, whereby plaintiff sustained serious bodily injuries.

The defendants were charged with negligence in causing their car to be driven backwards upon the right half of the highway, in the path of the automobile in which plaintiff was riding; in failing to maintain a proper or any lookout; in driving without lights; and in failing to use due caution and circumspection in the premises.

Defendants, denying negligence on their part, charged plaintiff with contributory negligence, in that, while her driver was driving at an unreasonable and imprudent rate of speed considering the surface and width of the highway, the impairments to vision then existing, and the possibility of there being other traffic on the road, plaintiff, although she observed or should

have observed such negligent conduct and apprehended the dangers incident thereto, failed and neglected to remonstrate with the driver or to take reasonable precautions for her own safety.

Trial by jury resulted in a verdict for plaintiff of $6,000. Motion for a new trial was denied, and defendants appealed.

The defendant Ransom was a plumbing contractor and the defendant Poulton was a laborer in his employ. F. G. Kurtz was Ransom's foreman. In addition to the Ford pick-up, Ransom owned a Dodge pick-up. On the night preceding the accident, these cars were parked, back to back, in the driveway at Kurtz's home, the Ford headed toward and the Dodge away from the highway. On the morning of the accident, Mr. Kurtz attempted to start the Ford by means of the starting mechanism, but was unable to do so. Thereafter, driving the Dodge pick-up backwards, he attempted to start the Ford engine under compression, by using the Dodge to push the Ford along the driveway and into and northerly along the highway. The Ford engine eventually started, and thereupon Poulton gave Kurtz a prearranged signal. According to Kurtz and Poulton, they had observed the lights of Bair's car approaching from the south, at a distance of about a quarter of a mile away, while they were entering upon the highway. Kurtz testified that, by the time Poulton signalled that his engine had started, Bair's car had approached to within 300 feet. Kurtz thereupon, as rapidly as he was able, drove the Dodge to the west shoulder of the highway and parked it there. He had been driving the Dodge backwards, so it was headed southerly, or in the direction from which Bair was approaching. He said that Bair's car passed

him at a speed of fifty miles an hour, and immediately collided with the Ford pick-up. Poulton denied that he was backing up at the time of the collision, and said that he was proceeding slowly forward, displaying the customary lights. Plaintiff and her mother testified that Bair was driving carefully, at a speed which they estimated as between twenty-five and thirty miles an hour, and that the Ford pick-up was being driven backwards, without lights. They said that the weather was very foggy, with visibility of only from eight to twelve feet. This was controverted by defendants' witnesses, who testified that there was no fog, or, at most, only a slight haze. Bair did not testify, having been inducted into the United States Navy, and being, at the time of the trial, "somewhere in the south Pacific".

As a part of her case on rebuttal, plaintiff was permitted, over objection, to adduce testimony of a woman, who resided in close proximity to the place of the accident, that the weather was foggy to the extent that, from the porch of her house, she was unable to see her mail-box on the highway. To permit a plaintiff, after resting his case, to add to his proof, is a practice not to be encouraged. Jones, Evidence, 3d ed., section 809. The court, however, in its discretion, "for good reasons and in furtherance of justice", may permit a departure from the strict order of proof. Section 5-301, O. C. L. A. Its rulings in this regard will not be reviewed by an appellate court, except for abuse of discretion. *Crosby v. Portland Ry. Co.*, 53 Or. 496, 100 P. 300, 101 P. 204; *Bade v. Hibberd,* 50 Or. 501, 93 P. 364; *Roberson v. Ellis,* 58 Or. 219, 114 P. 100, 35 L. R. A. (N. S.) 979. It has been held that it is within the court's discretion to admit in rebuttal evidence which tends to controvert unexpected evidence adduced

by a defendant. *Holden v. Coats Lumber Co.*, 84 Or. 605, 165 P. 674. In the case at bar, although the allegation of the amended complaint that the weather was foggy was denied formally by the answer, the further and separate answer charged plaintiff's driver with sole responsibility for the accident, in that he drove at an unreasonable and imprudent rate of speed, having regard, among other things, to *the impairments to vision then existing.* Darkness was the sole impairment to vision that the answer mentioned specifically, although it referred to "impairments" in the plural. We think it was not unreasonable for plaintiff to have assumed, therefore, that defendants did not seriously contest her allegations respecting foggy conditions, and hence to have contented herself with making only a prima facie showing of such conditions. Under the state of the pleadings, the defendants' strong showing of the absence of fog may be regarded as unexpected evidence, to meet which, in our opinion, the court, in its discretion, was justified in permitting plaintiff to offer evidence in rebuttal. Wigmore, Evidence, 3d ed., section 1873.

 It is contended that it was improper for counsel for plaintiff, in his argument to the jury, to state his "belief" respecting the cause of the accident. Defendants made no timely objection to the criticised statement of counsel, but raised the point upon motion for a new trial. They now insist that the making of timely objection in such cases is unnecessary, in that "one of the purposes of the new trial statute is to enable the trial judge to correct errors and to cure miscarriages of justice, notwithstanding the failure of counsel to make a record which would authorize this court to reverse the judgment on appeal". *Lyons v. Browning*, 170 Or. 350, 354, 133 P. (2d) 599. The com-

ment quoted from *Lyons v. Browning,* however, has reference only to the authority of a trial court, upon its own motion or otherwise, to correct errors of law by granting a new trial, even when no exception was taken upon the trial. In furtherance of justice, the trial court is given a wide latitude in granting new trials. *Timmins v. Hale,* 122 Or. 24, 256 P. 770; *Seipp v. Howells,* 146 Or. 637, 31 P. (2d) 188; *Lyons v. Browning,* supra; *King v. Ditto,* 142 Or. 207, 19 P. (2d) 1100. When, however, exception to error of law is taken for the first time on motion for a new trial, and such motion is denied, a different situation is presented, and, on appeal, the rule still remains that "it is not error alone, but error legally excepted to that constitutes grounds for reversal". *Timmins v. Hale,* supra; *Colgan v. Farmers' & Mechanics' Bank,* 59 Or. 469, 476, 106 P. 1134, 114 P. 460, 117 P. 807; *Madden v. Condon Nat. Bank,* 76 Or. 363, 367, 149 P. 80.

The court gave to the jury the statutory instruction that oral admissions of a party should be received with caution. Section 2-228, O. C. L. A. Counsel say that there was no substantial evidence of oral admissions having been made by any party and, hence, that the giving of such instruction was error. There was, however, some such evidence. A medical witness testified on the part of defendants to statements made to him by plaintiff, subsequent to the accident, from which the jury might have found that certain physical disabilities of which she complained were brought about by poor eyesight or by rheumatism, rather than that they resulted from her injuries. In any event, we have held that the trial of every case, "civil or criminal, is a 'proper occasion' " upon which the instruction here criticized may be given. *Kern v. Pullen,* 138 Or. 222, 6 P. (2d) 224, 82 A. L. R. 434. More-

24

over, appellants cannot urge this assignment of error, as no timely exception to the instruction was taken.

In submitting to the jury the appropriate forms of verdict, the court instructed them, in part, as follows:

> " * * * If, after considering all the evidence in the case, and instructions of the court, you find the plaintiff is entitled to prevail, you will return the following form, * * *. However, if, after considering all the evidence in the case and instructions of the court, your verdict is for the defendants, you would return the following form of verdict, * * * "

 Defendants objected that such instructions were incomplete, confusing and misleading in effect, in that the court should have stated to the jury that, if it found from the evidence that the defendants were negligent, as charged, and that plaintiff was not contributorily negligent, then their verdict should be for plaintiff, and, conversely, that, if they found that defendants were not negligent, or, that they were negligent but that plaintiff also was negligent, as charged against her, then their verdict should be for defendants. Counsel insist that the instructions of which they complain "literally threw down the bars and invited the jury to return such verdict as whim or caprice might dictate." It is the settled law of this jurisdiction that instructions are to be considered as an entirety. It is immaterial that one or more of them, considered separately and without reference to the instructions as a whole, may be erroneous, if from the instructions as a whole the jury were correctly charged as to the law in its application to the facts. *Rayburn v. Day*, 126 Or. 135, 149, 268 P. 1002, 59 A. L. R. 1062; *Farmers' National Bank v. Woodell*, 38 Or. 294,

305, 61 P. 837, 65 P. 520; *Hornby v. Wiper*, 155 Or. 203, 211, 63 P. (2d) 204; *Stuart v. Occidental Life Ins. Co.*, 156 Or. 522, 536, 68 P. (2d) 1037; Blashfield's Instructions, 2 ed., section 197, p. 477. In submitting the forms of verdict, the court specifically directed the attention of the jurors to all of the evidence and instructions. The instructions thus referred to included correct instructions respecting negligence and contributory negligence, and we think that a repetition of such instructions was unnecessary. *Chicago M. & St. P. Co. v. Kendall*, 49 Ill. App. 398; *Norton v. Volzke*, 54 Ill. App. 545; Randall, Instructions, section 393.

■ One of the grounds upon which defendants relied, in their motion for a new trial, was misconduct of the jury in their consideration of the case. The alleged misconduct was sought to be shown by affidavits of two of the trial jurors. This court has held consistently that affidavits of jurors may not be received for the purpose of impeaching their verdict. *Cline v. Broy*, 1 Or. 89; *State v. Ausplund*, 86 Or. 121, 135, 167 P. 1019; 87 Or. 649, 171 P. 395; *State v. McKiel*, 122 Or. 504, 507, 259 P. 917; *Winters v. Bisaillon*, 152 Or. 578, 580, 54 P. (2d) 1169; *State v. Wilson*, 177 Or. 637, 164 P. (2d) 722, 725.

In our opinion, no reversible error appears upon the record of this case. The judgment is affirmed, with costs.