Argued September 15, affirmed October 7, 1970

GRECO, *Respondent, v.* TEHAN, *Appellant.*

475 P2d 63

596

*George A. Haslett, Jr.*, Portland, argued the cause and filed a brief for appellant.

*Thomas D. Kerrigan*, Portland, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN,* and TONGUE, Justices.

TONGUE, J.

This is an action for assault and battery arising from an altercation in the restaurant of a Portland hotel. Defendant appeals from a judgment for plaintiff in the sum of $4,000 general damages and $5,000 punitive damages.

Defendant's principal contention on appeal is that the trial court abused its discretion in permitting plaintiff to reopen his case after the defendant and his witnesses had testified, by calling a further witness who defendant claimed to have been in the courtroom and available to plaintiff at the end of his opening case. Defendant charges that plaintiff "purposely withheld this eye witness in order to surprise defense counsel after presentation of the defense and to leave the jury the final impact of having his theory corroborated."

---

* Holman, J., did not participate in this decision.

As acknowledged by defendant, this court has previously held in *Arbogast et al v. Pilot Rock Lumber Company*, 215 Or 579, 595, 336 P2d 329 (1959) that:

> "It is well established that the reopening of a case at any time for the introduction of additional evidence rests in the sound discretion of the trial court, the exercise of which will not be disturbed unless a manifest abuse has occurred."

■ On the other hand, we agree with defendant, as held in *Parmentier v. Ransom et al*, 179 Or 17, 169 P2d 883 (1946), at p 21, that "to permit a plaintiff, after resting his case, to add to his proof, is a practice not to be encouraged." In that case, however, this court sustained the trial court in permitting the plaintiff to reopen his case, holding that to do so was not an abuse of discretion under the facts of that case.

It is true that the witness in controversy in this case testified on cross-examination that he had been in the courtroom when plaintiff testified and, apparently, when plaintiff rested his opening case that morning, although this is not entirely clear. He also testified that he had been instructed by plaintiff's attorney to be present in court that afternoon so as to hear the testimony of defendant's witnesses, but that he did not do so, apparently because he was afraid of one of defendant's witnesses, and that he was later called by plaintiff's attorney at his home late that afternoon.

Plaintiff's attorney, however, stated to the court that although he had not subpoenaed this witness, the witness had promised to "be here" that morning; that at the end of plaintiff's case the witness had "disappeared" and could not be found by him in the courtroom so as to be available to testify at that time.

■ On this record ·we cannot say that the trial judge abused his discretion in permitting plaintiff to reopen his case by offering the testimony of that witness and in later refusing to strike the testimony of the witness. In doing so the trial judge apparently believed the truth of the statement by plaintiff's attorney, as indicated by his finding that the witness had disappeared before plaintiff rested through no fault of plaintiff's attorney. It should also be noted that defendant was then permitted to rebut this testimony and did so by recalling two witnesses.

■ As for defendant's further contention that the trial court erred in failing to instruct that the jury might consider the criminal record of that same witness and that the giving of the "statutory" instructions is mandatory, it is sufficient to point out that this is not one of the "statutory" instructions under ORS 17.250 and that, in any event, the giving of such instructions is not mandatory, but is discretionary.[1] Similarly, the giving of an instruction that the jury may consider the criminal record of a witness is also discretionary,[2] particularly where, as in this case, the only previous convictions of this witness, according to the record, had been one for "drinking" and one for a "driving violation."

Accordingly, we find that defendant's assignments of error are without merit.

Affirmed.

---

[1] Defendant cites Kern v. Pullen, 138 Or 222, 6 P2d 224 (1931), as holding, at p 224, that statutory instructions are mandatory in both civil and criminal cases. That holding was reversed in Fitze v. American-Hawaiian Steamship Co., 167 Or 439, 449, 450, 117 P2d 825 (1941).

[2] Cf. State v. Yates, 239 Or 596, 599, 399 P2d 161 (1965).