Argued and submitted November 14, 1980, affirmed March 30, 1981

KOSMOS,
*Appellant,*
*v.*
BERGQUIST,
*Respondent,*

(No. A7708-12012, CA 17079)

625 P2d 1374

Michael J. Kavanaugh, Portland, argued the cause for appellant. With him on the brief was Kenneth M. Montgomery, Portland.

James N. Westwood, Portland, argued the cause for respondent. With him on the brief were John R. Bakkensen and Miller, Nash, Yerke, Wiener & Hager, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

Plaintiff[1] appeals the trial court's reopening of this case more than five months after the original hearing to allow Ronald E. Bergquist (hereinafter defendant) to offer evidence.[2]

On July 23, 1979, plaintiff appeared for trial and produced evidence supporting his claim that defendant damaged the premises leased to him by plaintiff. Defendant, mistakenly believing that the case against him, like that against his wife, would be dismissed, put on no contrary evidence and relied on his motion for dismissal of the case. After hearing plaintiff's evidence, the trial court stated: " * * * I'm going to find a judgment for something in favor of the plaintiff." The trial court also stated,

" * * * [I]t is difficult for the Court to imagine how a landlord, Mr. Kosmos, could let his place deteriorate so without really doing something about it. If the place was a [sic] bad as the witness says, why, it was an absolute shambles and, Mr. Kosmos, how could he not know that?"

The July 23, 1979, hearing was continued to hear evidence on plaintiff's claim for additional damages and to allow further argument on the issue presented by defendant's motion to dismiss.

When the proceeding continued on December 21, 1979, the trial court allowed defendant to introduce evidence which rebutted plaintiff's evidence, although the trial court had stated on July 23, 1979, that: "I don't believe if we should meet again that you would reargue the whole case." The court reasoned on December 21, 1979, however, that:

"If [defendant] has some evidence that would be of assistance to the Court, I don't think the Court would be abusing its discretion to allow the testimony that he might have at this time."

One of the witnesses, Morrison, called by defendant in December, whose testimony contradicted the evidence

---

[1] Plaintiff is Gus Kosmos only. Fortina Kosmos died prior to trial.

[2] Defendant Amy Sue Bergquist and plaintiff entered into a stipulation that plaintiff's complaint and defendant Amy Sue Bergquist's counterclaims would be dismissed with prejudice based on compromise and settlement. Defendant Amy Sue Bergquist, therefore, was not a defendant at trial.

adduced by plaintiff, had been deposed by plaintiff in March, although no notice of the deposition was given defendant.[3]

After defendant put on his evidence, the trial court concluded in its memorandum opinion that plaintiff had failed to establish his case by a preponderance of the evidence. The conclusion was based on findings that: (1) "Plaintiff has overstated his claim in the extreme"; (2) "the work done for which claim is made is for fair wear and tear for which Defendant * * * is not liable"; (3) "a substantial amount of work done was for remodelling, for which Defendant * * * is not liable"; (4) "witnesses for Defendant were credible and believable." A judgment was entered dismissing plaintiff's complaint on February 15, 1980.

Plaintiff contends on appeal that:

"Although the court has inherent power to amend, modify and vacate its own judgments (ORS 1.055) it abused its discretion in exercising it herein by reopening the case * * * ."[4]

Plaintiff describes this reopening as a "retrial." He also contends that the trial court erred in allowing defendant what amounts to a new trial pursuant to ORS 17.610(4) based on newly discovered evidence.[5] Finally, he contends as to the trial court's statement of its intent to find judgment in its favor on July 23, 1979:

---

[3] ORS 45.161 provides:

"Such deposition shall be taken before a person authorized to administer oaths in the place where such deposition is taken on giving reasonable notice in writing to every other party to the action, suit or proceeding. * * * " *See also* ORCP 39 C.1.

[4] ORS 1.055 provides:

"(1) A term of court is a period of time appointed for the convenient transaction of the business of the court. The existence or nonexistence of a term of court has no effect on the duties and powers of the court.

"(2) Notwithstanding that an act is authorized or required to be done before, during or after the expiration of a term of court, it may be done within a reasonable period of time."

[5] Former ORS 17.610(4) provided:

"A former judgment may be set aside and a new trial granted on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"(4) Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial." *See also* ORCP 64 C.

"Whether the trial court's ruling of July 23, 1979, * * * is viewed as findings or a judgment, the principles applicable to new trials and the court's exercise of power under ORS 1.055 should be the same."

Plaintiff cites no authority pertinent to construing this statement.

■ ORS 17.605 defines a new trial as "a reexamination of an issue of fact in the same court after *judgment.*" (Emphasis added.) There was no judgment signed or filed prior to the proceedings on December 21, 1979. The procedure for a new trial is tied to the filing of a judgment. A motion for a new trial is to be filed within ten days "after the *filing* of the judgment sought to be set aside * * * " (Emphasis added.) ORS 17.615. The trial court did not grant defendant a "new trial."

■ As to defendant's contention that reopening the case was a retrial, we conclude that the trial court had authority to hear further evidence in this case.

"It is well established that the reopening of a case at any time for the introduction of additional evidence rests in the sound discretion of the trial court, the exercise of which will not be disturbed unless a manifest abuse has occurred." *Arbogast et al v. Pilot Rock Lbr. Co.,* 215 Or 579, 595, 336 P2d 329 (1959).

*See also Greco v. Tehan,* 256 Or 595, 597, 475 P2d 63 (1970).[6] Defendant was under the impression that the case would be dismissed as to him as well as Amy Sue Bergquist and, therefore, did not rebut plaintiff's evidence at the July 23 trial. Plaintiff, unbeknownst to defendant, had taken the deposition of Morrison, but did not offer Morrison's testimony in July. Defendant's request on December 21, 1979, to produce Morrison's testimony, as well as that of defendant and Amy Sue Bergquist, was allowed by the trial judge over plaintiff's objection. There having been no surprise or unfairness to plaintiff, we find no abuse of discretion by the trial court in allowing defendant to put on evidence in the December, 1979, continuation of the trial.

Affirmed.

---

[6] *Cf. Merimac Co. v. Portland Timber,* 259 Or 573, 575, 488 P2d 465 (1971) (no abuse of discretion where trial court refused to reopen a case to allow plaintiff to introduce "new evidence" after the conclusion of the trial).